**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO.:

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

      Plaintiff,

vs.

COX MEDIA GROUP, INC., and PALM BEACH
NEWSPAPERS, LLC d/b/a SHINY SHOTS, d/b/a
PALM BEACH DAILY NEWS, d/b/a THE SHINY SHEET,
and d/b/a THE PALM BEACH POST

      Defendants.

_____/

## COMPLAINT

    Plaintiff, AFFORDABLE AERIAL PHOTOGRAPHY, INC., ("Plaintiff" or "AAP"), by and through undersigned counsel, hereby files its Complaint pursuant to the Federal Rules of Civil Procedure against Defendants, COX MEDIA GROUP, INC. ("COX"), and  PALM BEACH NEWSPAPERS, LLC d/b/a SHINY SHOTS, d/b/a PALM BEACH DAILY NEWS, and d/b/a THE PALM BEACH POST ("PALM BEACH NEWSPAPERS") (collectively COX and PALM BEACH NEWSPAPERS are hereinafter referred to as "Defendants").  In support thereof, Plaintiff states as follows:

## NATURE OF THE ACTION

    1.    Plaintiff brings this action against Defendants for Copyright Infringement and Alteration of Copyright Management Information.

## THE PARTIES

    2.    Plaintiff is a Florida corporation headquartered in Palm Beach County, Florida.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 200, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

3.      COX is a Georgia corporation, doing business in Florida.

4.      COX owns and operates PALM BEACH NEWSPAPERS.

5.      PALM BEACH NEWSPAPERS is a Foreign Limited Liability Company registered to do business in the State of Florida, and headquartered in Palm Beach County, Florida.

6.      PALM BEACH NEWSPAPERS does business in Florida as Shiny Shots.

7.      PALM BEACH NEWSPAPERS does business in Florida as Palm Beach Daily News.

8.      PALM BEACH NEWSPAPERS does business in Florida as The Palm Beach Post.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this suit because it arises under federal law, namely, the Copyright Act of 1976 (Title 17 of the United States Code), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (designs, copyrights, trademarks and unfair competition).

10.     Venue is proper in Palm Beach County, Florida, pursuant to 28 U.S.C. § 1391, 28 U.S.C. § 1400, and Florida Statute § 47.011. Defendant COX does business in Florida, and Defendant PALM BEACH NEWSPAPERS is located and headquartered in Palm Beach County.

11.     In addition, Defendants conduct regular, ongoing business within this District.

## BACKGROUND FACTS

12.     Plaintiff Affordable Aerial Photography, Inc. was formed in 2005 by Robert Stevens ("Stevens").

13.     AAP specializes in photographing real estate. The company has photographed some of the world's most expensive properties.

14.     AAP has been hired by celebrities including Celine Dion, Bill Gates, Billy Joel, Tommy Lee Jones, Don King, Greg Norman, Athina Onassis, Mehmet Oz, President Donald Trump, James Patterson, Lilly Pulitzer, Rod Stewart, and others.

15.     Stevens and AAP are well known for their aerial photographs, which are taken from above the ground.

16.     AAP captured many such shots even before the use of drones became widespread. This was accomplished via the use of a tethered helium balloon camera-rigging system which was designed and built by Stevens.

17.     This system allows AAP to capture shots that, until the advent of drones, would have been impossible to shoot otherwise.

18.     This unique system had the added benefit of serving as a marketing tool for AAP, and it led to Stevens becoming known locally as "Balloon Bob."

19.     AAP retains the copyright for photographs it takes, and registers them with the United States Copyright Office. Photos taken by Stevens, including any at issue in the instant matter, are registered to and owned by AAP, either as works made for hire, or by written assignment from Stevens to AAP.

20.     Stevens and/or AAP create the photographs for its third party customers' one time use, and may license photographs to third parties that wish to copy, distribute, and/or display the photos on a case by case basis.

## <u>DEFENDANTS' INFRINGEMENTS</u>

21.     On August 2, 2013, Robert Stevens registered a group of photos titled Photostore Collection 2008 ("2008 Photographs"). *See* U.S. Copyright Reg. No. VA 1-881-439 along with the subject photograph attached hereto as Composite Exhibit A.

22.     The 2008 Photographs copyrights were transferred by written assignment from Robert Stevens to AAP on February 6, 2017.  *See* 2008 Photographs Assignment attached hereto as Exhibit B.

23.     The 2008 Photographs registration includes an aerial shot of Maison de L'Amitie titled "515 N County Rd." ("Maison de L'Amitie Aerial"). *See* Composite Exhibit A.

24.     The 2008 Photographs registration also includes a photograph of Old Palm Golf Club titled "Old Palm Golf Club II." ("Old Palm Golf Club").  See Composite Exhibit A.

25.     On October 22, 2014, Robert Stevens registered a different group of photos titled Group Registration Photos, 1 5th Avenue S and Trump Plaza Shot, published July 9, 2010, 3 photographs (the "2010 Photographs"). *See* U.S. Copyright Reg. No. VA 1-932-203 along with the subject photograph attached hereto as Composite Exhibit C.

26.     The 2010 Photographs copyrights were transferred by written assignment from Robert Stevens to AAP on November 9, 2017.  *See* 2010 Photographs Assignment attached hereto as Exhibit D.

27.     The 2010 Photographs registration includes an aerial shot titled "1 5th Avenue S Aerial b, Jul. 9, 2010" (the "Birthday Cake Castle Aerial").  *See* Composite Exhibit C.

28.     In 2007 Robert Stevens authored an aerial photograph of 382 South Beach Road, golfer Greg Norman's Jupiter Island mansion, titled "(31 of 579)" (the "Greg Norman Aerial"). See subject photograph attached hereto as Exhibit G.

29.     The Greg Norman Aerial bears a watermark identifying copyright ownership.

30.     The Greg Norman Aerial copyrights were transferred by written assignment from Robert Stevens to AAP on January 23, 2018.  *See* Greg Norman Aerial Assignment attached hereto as Exhibit H.

31.     In July 2008 Robert Stevens authored an aerial photograph of 780 South Ocean Boulevard titled "CasaNana1" (the "Casa Nana Aerial"). See subject photograph attached hereto as Exhibit E.

32.     The Casa Nana Aerial bears a watermark identifying copyright ownership.

33.     On July 15, 2015, Robert Stevens registered another group of photos titled Group Registration Photos, Selected 2010 Photographs Including Ballaria, Birthday Cake House,  of Jupiter Lighthouse, Mirasol and Others, published Jan. 14, 2010 to Dec. 14, 2010; 53 photos (the "Selected 2010 Photographs"). *See* U.S. Copyright Reg. No. VA 1-966-132 along with the subject photograph attached hereto as Composite Exhibit F.

34.     The Casa Nana Aerial and the Selected 2010 Photographs copyrights were transferred by written assignment from Robert Stevens to AAP on November 9, 2017.  *See* Casa Nana and Selected 2010 Photographs Assignment attached hereto as Exhibit D.

35.     The Selected 2010 Photographs registration includes an aerial shot titled "Mar a Lago aerial B 2010 AAP, May 21, 2010" (the "Mar a Lago Aerial").  *See* Composite Exhibit F.

36.     Defendants maintain www.shinyshots.palmbeachdailynews.com ("Shiny Shots Website"), an online marketplace that creates, markets, and sells custom consumer goods and photograph reprints.

37.     Through the Shiny Shots Website, customers can choose from a catalog of photographs and have their selection printed upon a selection of approximately 44 different

products (such as photo reprints, canvas prints, mouse pads, mugs, playing cards, t-shirts, magnets, etc.).

38.    Defendants determine, or should determine, whether the photographs offered for printing are in compliance with copyright laws and are satisfactory for use with its online service. Defendants are in the publishing business and should know and understand our U.S. copyright laws.

39.    PALM BEACH NEWSPAPERS sells and processes orders from the public for all of the custom products offered for sale on the Shiny Shots Website.

40.    Upon information and belief, PALM BEACH NEWSPAPERS packs the infringing products in product packaging bearing the mark "PalmBeachDailyNews.com The Shiny Sheet."

41.    Upon information and belief, PALM BEACH NEWSPAPERS handles the billing, payment and invoice processing for each product ordered by a customer from the Shiny Shots Website.

42.    Upon information and belief, PALM BEACH NEWSPAPERS inserts their branded invoice into each Shiny Shots Website product package to be shipped to the consumer.

43.    These product packaging and invoices bear no marks or source identifiers other than the mark "PalmBeachDailyNews.com The Shiny Sheet."

44.    PALM BEACH NEWSPAPERS includes a copy of the photograph selected for the order on each order confirmation email and each shipping packing slip sent to each customer who places an order.

45.     On or around March, 2015, AAP discovered that a copy of the Birthday Cake Castle Aerial photograph was available on the Shiny Shots Website without license or permission of Plaintiff(s).

46.     The name and signature of Robert Stevens and/or copyright notice (the "Copyright Management Information" or "CMI") was removed from the Birthday Cake Castle Aerial that appeared on the Shiny Shots Website.

47.     On or around September, 2015, AAP discovered a copy of the Maison de L'Amitie Aerial photograph was on the Shiny Shots Website without license or permission of Plaintiff.

48.     The Maison de L'Amitie Aerial is clearly marked with Plaintiff's CMI on the photograph Defendants uploaded to the Shiny Shots Website.

49.     On February 16, 2016, Defendants d/b/a Palm Beach Post published a story on its website's "Real Time" blog titled "Greg Norman lists Jupiter Island mansion for $55 million." (hereinafter the "February 2016 Article").

50.     The February 2016 Article included the Greg Norman Aerial authored by Robert Stevens, clearly marked with Robert Stevens CMI with copyrights assigned to Plaintiff. However, completely ignoring Plaintiff's copyrights and our U.S. copyright laws, Defendants published or caused to publish the photo to the Palm Beach Post website, without credit to AAP and without prior license.

51.     The Greg Norman Aerial still appears on the Palm Beach Post website without credit to Plaintiff at http://realtime.blog.palmbeachpost.com/2016/02/16/greg-norman-lists-jupiter-island-mansion-for-55-million/.

52.     On April 3, 2016, Defendants d/b/a Palm Beach Daily News published a story on its website titled "Trump's former estate: The story behind the $95-million mansion tear-down." (hereinafter the "April 2016 Article").

53.     The April 2016 Article included the Maison de L'Amitie Aerial authored by Robert Stevens, clearly marked with Robert Stevens CMI with copyrights assigned to Plaintiff. However, ignoring Plaintiff's copyrights, Defendants published the photo to The Shiny Sheet website credited as a "Daily News File Photo," instead of to the Plaintiff as the rightful owner.

54.     The Maison de L'Amitie Aerial still appears on the Shiny Sheet website without credit to Plaintiff at http://www.palmbeachdailynews.com/news/photos-donald-trump-former-estate-515-county-road/kpiGi8yGCvmFKgM4791ZfK/#h0toikHyRFiYIlo-hnsE6Q .

55.     On December 8, 2016, Defendants d/b/a Palm Beach Post ran a print article on the front page above the fold titled "Trump again hires non-U.S. club staff." The article (hereinafter the "Palm Beach Post Article") included the Mar a Lago aerial of Donald Trump's Mar a Lago Club authored by Robert Stevens with copyrights assigned to Plaintiff.

56.     The Palm Beach Post Article credits the Mar a Lago Aerial to Robert Stevens website, robertstevens.com. However, neither Plaintiff nor Mr. Stevens authorized Palm Beach Post to use the photo which is infringing behavior consistent with Defendants' continued unpermitted use of Plaintiff's photographs on the Shiny Shots Website, and elsewhere in Palm Beach Newspapers.

57.     The Mar a Lago Aerial photo is unique in that it was taken before the drone era, using a tethered helium balloon camera rigging system that Mr. Stevens designed and built.  Mr. Stevens had rare authorization at the time from Mr. Trump and the Mar a Lago security to fly his balloon on the property to take elevation shots for Mr. Trump. Now, a shot like this will be

almost impossible to take without F.A.A and secret service clearance, making Mr. Stevens photo extremely rare from the height it was taken.

58.     On or about March 26, 2017, at Mr. Stevens and AAP's request, Palm Beach Post printed the following correction:

> We used an aerial photograph of Mar-a-Lago by Mr. Robert Stevens for this article. We want to clarify that Mr. Stevens did not intend for his photograph to be used with this article and that he does not endorse the contents of the article.

59.     Palm Beach Post has a circulation of 55,000-101,000 print copies daily depending on the day of the week, and the time of year.

60.     On or around January, 2017, AAP discovered that Defendants permitted a copy of the Casa Nana Aerial to be uploaded to the Shiny Shots Website.

61.     The Casa Nana Aerial is clearly marked with Plaintiff's CMI on the photograph Defendants uploaded to the Shiny Shots Website.

62.     Or around October 17, 2017, AAP discovered that Defendants permitted a copy of the Casa Nana Aerial to be uploaded to the Palm Beach Daily News website. Despite prior notice of infringement on the Shiny Shots Website, the Casa Nana Aerial is still impermissibly present on the Shiny Sheet Palm Beach Daily News Website at http://www.palmbeachdailynews.com/news/casa-nana-780-ocean-blvd/pGfiQJkGfYmVNUjUsRj6pK/#Tvrl0gDpSpGQSXwM1kjALQ.

63.     Upon information and belief, Defendants stored a copy of the Birthday Cake Castle Aerial, Maison de L'Amitie Aerial, and Casa Nana Aerial (collectively, the "Works"), on its servers and platform and publicly displayed the Works on the Shiny Shots Website.

64.     Thus, Defendants created derivative works of the Works for use in conjunction with the manufacturing of each customer product offered on the Shiny Shots Website.

65.     Each product constitutes a separate infringement.

66.     Upon information and belief, Defendants offered for sale to the public at least 44 custom products copying the Works.

67.     On or about September, 2017, AAP discovered that Defendants are, and have for some time, been using a copy of Old Palm Golf Club as the banner photograph for their weekly Sunday Palm Beach Post Residences Open House section without license or permission of Plaintiff.

68.     Defendants' use of Old Palm Golf Club is further infringing behavior consistent with Defendants' unpermitted use of Plaintiff's photographs on the Shiny Shots Website, and elsewhere in Palm Beach Newspapers.

69.     Defendants' actions are a continuous direct affront to AAP and its rights in its intellectual property despite having previous notice that they are infringing on AAP's works.

70.     All conditions precedent to bringing this action, if any, have occurred or have been performed, waived and/or excused.

## COUNT I – DIRECT COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS
### (Maison de L'Amitie Aerial, U.S. Copyright Reg. No. VA 1-881-439)

71.     AAP adopts and incorporates the allegations of paragraphs 1-70 as if fully set forth herein.

72.     AAP owns a valid copyright registration for the 2008 Photographs, U.S. Copyright Reg. No. VA 1-881-439.

73.     At least one of the photos from the 2008 Photographs, the Maison de L'Amitie Aerial, has been impermissibly copied, displayed, and distributed by Defendants on the Shiny Shots and Palm Beach Daily News Shiny Sheet Websites.

74.     AAP has the exclusive right to, among other things, to copy, reproduce, publicly display, create derivative works of, and distribute the 2008 Photographs, including the Maison de L'Amitie Aerial, at issue in this case, as well as the right to sue for infringement of these rights.

75.     Defendants have copied, distributed, and/or displayed at least one of the 2008 Photographs for their own commercial use, in violation of 17 U.S.C. § 106 et seq.

76.     Neither Plaintiff nor Mr. Stevens authorized Defendants to use the Maison de L'Amitie Aerial which is infringing behavior consistent with Defendants' continued unpermitted use of Plaintiff's photographs on the Shiny Shots Website, and elsewhere in Palm Beach Newspapers.

77.     In violating 17 U.S.C. § 106 et seq., Defendants are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

78.     Each infringement of AAP's work by Defendants constitutes a separate and distinct act of infringement.

79.     Defendants' infringement is egregious, as Defendants denied any wrongdoing after being confronted by Plaintiff.

80.     Defendants' infringement of AAP's work is willful, in disregard of, and with indifference to the rights of AAP.

81.     The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

82.     As a direct and proximate result of Defendants' acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

83.     AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

84.     In addition, AAP is entitled to preliminary and permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants, its agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be enjoined and restrained during the pendency of this action via a preliminary injunction and permanently thereafter from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring or copying any property of AAP; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants created the 2008 Photographs or that Defendants' use thereof is in any way endorsed by AAP;

b. Within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendants be required to turn over any 2008 Photographs bearing any copyrights;

c. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof;

d. AAP recover Defendants' profits as well as the damages sustained by AAP due to Defendants' infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants' conduct, including its willfulness;

g. Defendants be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. AAP be awarded statutory damages, pursuant to the Copyright Act; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT II – DIRECT COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS
### (Old Palm Golf Club, U.S. Copyright Reg. No. VA 1-881-439)

85.    AAP adopts and incorporates the allegations of paragraphs 1-70 as if fully set forth herein.

86.    AAP owns a valid copyright registration for the 2008 Photographs, U.S. Copyright Reg. No. VA 1-881-439.

87.    At least one of the photos from the 2008 Photographs, the Old Palm Golf Club, has been impermissibly copied, displayed, and distributed weekly, and for some time, by Defendants as a banner advertisement on the Palm Beach Post Residences Open House advertising section that is distributed each Sunday.

88.    AAP has the exclusive right to, among other things, to copy, reproduce, publicly display, create derivative works of, and distribute the 2008 Photographs, including the Old Palm Golf Club photograph at issue in this case, as well as the right to sue for infringement of these rights.

89.     Neither Plaintiff nor Mr. Stevens authorized Defendants to use the Old Palm Golf Club photo which is infringing behavior consistent with Defendants' continued unpermitted use of Plaintiff's photographs on the Shiny Shots Website, and elsewhere in Palm Beach Newspapers.

90.     Defendants have copied, distributed, and/or displayed at least one of the 2008 Photographs for their own commercial use, in violation of 17 U.S.C. § 106 et seq.

91.     In violating 17 U.S.C. § 106 et seq., Defendants are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

92.     Each infringement of AAP's work by Defendants constitute a separate and distinct act of infringement.

93.     Defendants' infringement is egregious, as Defendants denied any wrongdoing after previously being confronted by Plaintiff regarding its continued infringement.

94.     Defendants' infringement of AAP's work is willful, in disregard of, and with indifference to the rights of AAP.

95.     The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

96.     As a direct and proximate result of Defendants' acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

97.     AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

98.     In addition, AAP is entitled to preliminary and permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be enjoined and restrained during the pendency of this action via a preliminary injunction and permanently thereafter from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring or copying any property of AAP; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants created the 2008 Photographs or that Defendants' use thereof is in any way endorsed by AAP;

b. Within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendants be required to turn over any 2008 Photographs bearing any copyrights;

c. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof;

d. AAP recover Defendants' profits as well as the damages sustained by AAP due to Defendants' infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants' conduct, including its willfulness;

g. Defendants be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. AAP be awarded statutory damages, pursuant to the Copyright Act; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT III – DIRECT COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS
### (Birthday Cake Castle Aerial, U.S. Copyright Reg. No. VA 1-932-203)

99.     AAP adopts and incorporates the allegations of paragraphs 1-70 as if fully set forth herein.

100.    AAP owns a valid copyright registration for the 2010 Photographs, U.S. Copyright Reg. No. VA 1-932-203.

101.    At least one of the photos from the 2010 Photographs, the Birthday Cake Castle Aerial, has been impermissibly copied, displayed, and distributed by Defendants on the Shiny Shots Website.

102.    AAP has the exclusive right to, among other things, to copy, reproduce, publicly display, create derivative works of, and distribute the 2010 Photographs, including the Birthday Cake Castle Aerial at issue in this case, as well as the right to sue for infringement of these rights.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 200, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

103.     Neither Plaintiff nor Mr. Stevens authorized Defendants to use the Birthday Cake Castle Aerial which is infringing behavior consistent with Defendants' continued unpermitted use of Plaintiff's photographs on the Shiny Shots Website, and elsewhere in Palm Beach Newspapers.

104.     Defendants have copied, distributed, and/or displayed at least one of the 2010 Photographs for their own commercial use, in violation of 17 U.S.C. § 106 et seq.

105.     In violating 17 U.S.C. § 106 et seq., Defendants are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

106.     Each infringement of AAP's work by Defendants constitute a separate and distinct act of infringement.

107.     Defendants' infringement is egregious, as Defendants denied any wrongdoing after being confronted by Plaintiff.

108.     Defendants' infringement of AAP's work is willful, in disregard of, and with indifference to the rights of AAP.

109.     The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

110.     As a direct and proximate result of Defendants' acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

111.     AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

112.     In addition, AAP is entitled to preliminary and permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be enjoined and restrained during the pendency of this action via a preliminary injunction and permanently thereafter from:

      i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works;

      ii. Using, disclosing, converting, appropriating, retaining, selling, transferring or copying any property of AAP; and

      iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants created the 2010 Photographs or that Defendants' use thereof is in any way endorsed by AAP;

b. Within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendants be required to turn over any 2010 Photographs bearing any copyrights;

c. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof;

d. AAP recover Defendants' profits as well as the damages sustained by AAP due to Defendants' infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants' conduct, including its willfulness;

g. Defendants be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. AAP be awarded statutory damages, pursuant to the Copyright Act; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT IV – FALSIFICATION OR REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION AGAINST ALL DEFENDANTS
### (Birthday Cake Castle Aerial, U.S. Copyright Reg. No. VA 1-932-203)

113.	Plaintiff incorporates by reference paragraphs 1 to 70 as if set forth herein.

114.	Defendants, who had direct access to the Birthday Cake Castle Aerial, without authorization removed Robert Stevens' name or signature before copying the Birthday Cake Castle Aerial to the Shiny Shots Website, and ultimately to products or prints ordered through the Shiny Shots Website.

115.	Stevens' name or signature is copyright management information ("CMI") as defined in 17 U.S.C. § 1202(c).

116.	The CMI for the Work has been removed intentionally by Defendants and without Stevens' or AAP's authority.

117.	Defendants removed the CMI knowingly, or having reasonable grounds to know, that it will induce, enable, facilitate or conceal infringement in violation of 17 U.S.C. §

1202(b).

118.    Plaintiff has been damaged as a direct result of Defendants' actions. The amount of damages cannot be determined at this time.

119.    Plaintiff is unable to ascertain at this time the full extent of the gains, profits and advantages that Defendants have obtained as a result of its unlawful conduct.

**WHEREFORE,** as a result of the acts described above, Plaintiff is entitled to permanent injunctive relief to enjoin Defendants' acts, to recover its damages and Defendants' gains, profits and advantages obtained as a result of the acts alleged above and to recover damages in an amount to be determined.

## COUNT V– DIRECT COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS
### (Mar a Lago Aerial, U.S. Copyright Reg. No. VA 1-966-132)

120.    AAP adopts and incorporates the allegations of paragraphs 1-70 as if fully set forth herein.

121.    AAP owns a valid copyright registration for the Selected 2010 Photographs, U.S. Copyright Reg. No. VA 1-966-132.

122.    At least one of the photos from the Selected 2010 Photographs, the Mar a Lago Aerial, has been impermissibly copied, displayed, and distributed by Defendants in the Palm Beach Post newspaper.

123.    AAP has the exclusive right to, among other things, to copy, reproduce, publicly display, create derivative works of, and distribute the Selected 2010 Photographs, including the Mar a Lago Aerial at issue in this case, as well as the right to sue for infringement of these rights.

124.    Neither Plaintiff nor Mr. Stevens authorized Defendants to use the Mar a Lago Aerial which is infringing behavior consistent with Defendants' continued unpermitted use of Plaintiff's photographs on the Shiny Shots Website, and elsewhere in Palm Beach Newspapers.

125.    Defendants have copied, distributed, and/or displayed at least one of the Selected 2010 Photographs for their own commercial use, in violation of 17 U.S.C. § 106 et seq.

126.    In violating 17 U.S.C. § 106 et seq., Defendants are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

127.    Each infringement of AAP's work by Defendants constitute a separate and distinct act of infringement.

128.    Defendants' infringement is egregious, as Defendants denied any wrongdoing after being confronted by Plaintiff.

129.    Defendants' infringement of AAP's work is willful, in disregard of, and with indifference to the rights of AAP.

130.    The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

131.    As a direct and proximate result of Defendants' acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

132.    AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

133.    In addition, AAP is entitled to preliminary and permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be enjoined and restrained during the pendency of this action via a preliminary injunction and permanently thereafter from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring or copying any property of AAP; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants created the Selected 2010 Photographs or that Defendants' use thereof is in any way endorsed by AAP;

b. Within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendants be required to turn over any Selected 2010 Photographs bearing any copyrights;

c. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof;

d. AAP recover Defendants' profits as well as the damages sustained by AAP due to Defendants' infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants' conduct, including its willfulness;

g. Defendants be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. AAP be awarded statutory damages, pursuant to the Copyright Act; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT VI– DIRECT COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS
### (Casa Nana Aerial)

134.    AAP adopts and incorporates the allegations of paragraphs 1-70 as if fully set forth herein.

135.    AAP owns a valid copyright for the Casa Nana Aerial, which is a work fixed in a tangible medium.

136.    The Casa Nana Aerial has been impermissibly copied, displayed, and distributed by Defendants on the Shiny Shots and Palm Beach Daily News Shiny Sheet Websites.

137.    AAP has the exclusive right to, among other things, to copy, reproduce, publicly display, create derivative works of, and distribute Casa Nana Aerial as well as the right to sue for infringement of these rights.

138.    Neither Plaintiff nor Mr. Stevens authorized Defendants to use the Casa Nana Aerial which is infringing behavior consistent with Defendants' continued unpermitted use of Plaintiff's photographs on the Shiny Shots Website, and elsewhere in Palm Beach Newspapers.

139.    Defendants have copied, distributed, and/or displayed the Casa Nana Aerial for their own commercial use, in violation of 17 U.S.C. § 106 et seq.

140.    In violating 17 U.S.C. § 106 et seq., Defendants are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

141.    Each infringement of AAP's work by Defendants constitute a separate and distinct act of infringement.

142.    Defendants' infringement is egregious, as Defendants denied any wrongdoing after being confronted by Plaintiff.

143.    Defendants' infringement of AAP's work is willful, in disregard of, and with indifference to the rights of AAP.

144.    The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

145.    As a direct and proximate result of Defendants' acts of copyright infringement, AAP is entitled to actual damages in amounts to be determined at trial.

146.    AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

147.    In addition, AAP is entitled to preliminary and permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be enjoined and restrained during the pendency of this action via a preliminary injunction and permanently thereafter from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring or copying any property of AAP; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants created the Casa Nana Aerial or that Defendants' use thereof is in any way endorsed by AAP;

b. Within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendants be required to turn over any copies of the Casa Nana Aerial bearing any copyrights;

c. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof;

d. AAP recover Defendants' profits as well as the damages sustained by AAP due to Defendants' infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants' conduct, including its willfulness;

g. Defendants be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. AAP be awarded actual damages, pursuant to the Copyright Act; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 200, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

## <u>COUNT VII– DIRECT COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS</u>
### (Greg Norman Aerial)

148.    AAP adopts and incorporates the allegations of paragraphs 1-70 as if fully set forth herein.

149.    AAP owns a valid copyright for the Greg Norman Aerial, which is a work fixed in a tangible medium.

150.    The Greg Norman Aerial has been impermissibly copied, displayed, and distributed by Defendants on the Palm Beach Post Website.

151.    AAP has the exclusive right to, among other things, to copy, reproduce, publicly display, create derivative works of, and distribute the Greg Norman Aerial as well as the right to sue for infringement of these rights.

152.    Neither Plaintiff nor Mr. Stevens authorized Defendants to use the Greg Norman Aerial which is infringing behavior consistent with Defendants' continued unpermitted use of Plaintiff's photographs on the Shiny Shots Website, and elsewhere in Palm Beach Newspapers.

153.    Defendants have copied, distributed, and/or displayed the Greg Norman Aerial for their own commercial use, in violation of 17 U.S.C. § 106 et seq.

154.    In violating 17 U.S.C. § 106 et seq., Defendants are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

155.    Each infringement of AAP's work by Defendants constitute a separate and distinct act of infringement.

156.    Defendants' infringement is egregious, as Defendants denied any wrongdoing after being confronted by Plaintiff.

157.    Defendants' infringement of AAP's work is willful, in disregard of, and with indifference to the rights of AAP.

158.    The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

159.    As a direct and proximate result of Defendants' acts of copyright infringement, AAP is entitled to actual damages in amounts to be determined at trial.

160.    AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

161.    In addition, AAP is entitled to preliminary and permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be enjoined and restrained during the pendency of this action via a preliminary injunction and permanently thereafter from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring or copying any property of AAP; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants created the Greg Norman Aerial or that Defendants' use thereof is in any way endorsed by AAP;

b. Within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendants be required to turn over any copies of the Greg Norman Aerial bearing any copyrights;

c. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof;

d. AAP recover Defendants' profits as well as the damages sustained by AAP due to Defendants' infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants' conduct, including its willfulness;

g. Defendants be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. AAP be awarded actual damages, pursuant to the Copyright Act; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT VIII – VICARIOUS COPYRIGHT INFRINGEMENT
### (Against COX)

1.      AAP adopts and incorporates the allegations of paragraphs 1-70 as if fully set forth herein.

2.      In the alternative to COX being directly liable as alleged in each previous count herein, AAP hereby alleges that COX is vicariously liable for the infringements of the PALM BEACH NEWSPAPERS.

3.      There are three valid AAP copyright registrations at issue in this case, and the Casa Nana Aerial and Greg Norman Aerial are copyrighted works for which AAP is entitled to actual damages.

4.      The PALM BEACH NEWSPAPERS have copied, distributed, and/or displayed the photos at issue for their own commercial use, in violation of 17 U.S.C. § 106 et seq., and without authorization from Stevens or Plaintiff.

5.      In violating 17 U.S.C. § 106 et seq., PALM BEACH NEWSPAPERS is directly infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

6.      As a parent company of PALM BEACH NEWSPAPERS, COX has the right and ability to control the actions of its employees—in this case, the PALM BEACH NEWSPAPERS.

7.      COX has declined to exercise its right to stop the PALM BEACH NEWSPAPERS' infringement and has indeed profited from that direct infringement of AAP's copyrights.

8.      COX's infringement of AAP's work is in disregard of and with indifference to the rights of AAP.

9.      The infringements have caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

10.     As a direct and proximate result of COX's acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

11.     AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

12.     In addition, AAP is entitled to preliminary and permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 200, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

a. COX, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with COX, be enjoined and restrained during the pendency of this action via a preliminary injunction and permanently thereafter from:

      i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works;

      ii. Using, disclosing, converting, appropriating, retaining, selling, transferring or copying any property of AAP; and

      iii. Doing any other act or thing likely to, or calculated to, induce the belief that COX created the any of the copyright-protected photos at issue in this case or that COX's use thereof is in any way endorsed by AAP;

b. Within ten (10) days after the entry of an order for either preliminary or permanent injunction, COX be required to turn over any copyright-protected photos at issue in this case which bear any copyrights;

c. COX, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with COX be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof;

d. AAP recover COX's profits as well as the damages sustained by AAP due to COX's vicarious infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. COX be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which COX has complied with the terms of the injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of COX's conduct, including its willfulness;

g. COX be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. AAP be awarded statutory damages, pursuant to the Copyright Act; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a jury for all issues so triable.

Dated: February 19, 2018                                    Respectfully submitted,


By: <u>s/ Lorri Lomnitzer</u>
Lorri Lomnitzer
Florida Bar No.: 37632
Lorri@Lomnitzerlaw.com
Spensyr Ann Krebsbach
Florida Bar No. 85132
SAK@Lomnitzerlaw.com
THE LOMNITZER LAW FIRM, P.A.
7999 N. Federal Highway, Suite 200
Boca Raton, FL 33487
Telephone: (561) 953-9300
Direct: (561) 953-9301
Fax: (561) 953-3455
*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 19th day of February, 2018, I electronically filed the forgoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties in the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive notices of electronic filing.

_s/Lorri Lomnitzer___
Lorri Lomnitzer, Esq.
Fla. Bar No. 37632

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 200, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455